E-FILED
Thursday, 28 April, 2011 04:48:53 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NATHAN ALLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-cv-3341 |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

For the following reasons, the Court will allow in part and deny in part the Defendant's Motion in Limine [d/e 25], and deny the Defendant's Supplement to Defendant's Motion in Limine [d/e 26].

### I. BACKGROUND

On October 17, 2007, Plaintiff Nathan Allison was a student at Virden High School, Virden, Illinois. On that day, two U.S. Army recruiters visited his high school physical education class and conducted a demonstration of wrestling or self-defense techniques. The Plaintiff participated in the demonstration, wrestling against one of the Army

1

recruiters. The Plaintiff alleges that he was injured during the wrestling match. It does not appear that the Plaintiff sought medical attention at that time.

On November 30, 2007, the Plaintiff went to the emergency room after being slammed into a wall during a basketball game. Eventually, Dr. Leo Ludwig performed surgery on the Plaintiff's left shoulder.

The Plaintiff filed an administrative claim with the U.S. Army on November 3, 2008. The administrative claim was denied on or about July 2, 2009.

The Plaintiff claims that on November 11, 2009, Plaintiff's Attorney Brent Beeman sent a letter to the Army requesting reconsideration of the denial of the Plaintiff's claim. The Plaintiff claims that enclosed with Attorney Beeman's letter was a letter from Dr. Ludwig dated November 2, 2009, detailing his treatment of the Plaintiff and expressing his views regarding causation. There is no indication in the record that the letter was received by the Army, or that it was responded to in any way.

On December 30, 2009, the Plaintiff initiated this action. On April 12, 2010, the Army recruiters were granted judgment on the pleadings pursuant to the Westfall Act (28 U.S.C. § 2679). The United States is the only remaining defendant.

On June 24, 2010, the Government filed a Motion to Compel [d/e 16], claiming that Plaintiff's counsel was not promptly complying with requests to fully answer interrogatories. The Plaintiff responded on July 9, 2010, by supplementing its answers to the interrogatories. U.S. Magistrate Judge Byron G. Cudmore dismissed the Motion to Compel as moot.

Assistant U.S. Attorney Hillary W. Frooman represents that in July of 2010 she discussed the possibility of subpoenaing all pertinent medical records, but the parties agreed that all medical records were already in the possession of the U.S. Army, and therefore in the possession of the Government. The Government Bates-stamped[1] these documents, and provided them to the Plaintiff on August 17, 2010.

---

[1] A "Bates stamp" is a "self-advancing stamp machine used for affixing an identifying mark, [usually] a number, to a document or to the individual pages of a document." *Black's Law Dictionary*, 172. To "Bates-stamp" a document is "[t]o affix a mark, [usually] a number, to a document or to the individual pages of a document for the

3

AUSA Frooman represents that in late October of 2010, Attorney Brent Beeman informed her that Attorney Randall A. Wolter was taking over responsibility of the case. AUSA Frooman represents that she contacted Attorney Wolter several times throughout November and December of 2010 seeking to arrange depositions and to determine if the Plaintiff would be naming an expert by the January 3, 2011 deadline.

The Plaintiff did not disclose any expert witnesses before the January 3, 2011 deadline expired. Mr. Wolter entered his appearance on January 21, 2011.

According to Judge Cudmore's scheduling order of September 21, 2010, all depositions were to be conducted by March 1, 2011. However, Dr. Ludwig will not be available to give a deposition until May 19, 2011.[2]

---

purpose of identifying and distinguishing it in a series of documents." *Id.* There has been a shift away from physically stamping documents, as individuals have begun using computer software to electronically apply Bates-stamp numbers to a series of documents. *See, e.g.*, David L. Masters, *The Lawyers Guide to Adobe Acrobat* 162-67 (3rd ed. 2008).

[2] The Government's Motion to Modify Scheduling and Discovery Plan [d/e 24] is pending before Judge Cudmore. In that Motion, the Government seeks to extend the deadline so that Dr. Ludwig's deposition can be taken.

On February 23, 2011, the Government filed its Motion in Limine [d/e 25]. In that Motion, the Government surmised that the Plaintiff would be using Dr. Ludwig to provide expert testimony on causation. The Government argued that Dr. Ludwig was not timely disclosed as an expert in accordance with Federal Rule of Civil Procedure 26(a)(2)(B).

The Government moved to bar the Plaintiff from presenting expert testimony on causation. Alternatively, the Government argued that the Court should order that the Plaintiff's expert provide a report in writing pursuant to Rule 702 of the Federal Rules of Evidence, and extend discovery sufficient for the government to take Dr. Ludwig's deposition on May 19, 2011, and then submit the deposition to the Government's expert before he submits his expert report.

On March 11, 2011, the Government filed a Supplement to its Motion in Limine [d/e 26]. The Government stated that following a deposition held on March 10, 2011, Plaintiff's counsel produced Dr. Ludwig's letter of November 2, 2009. Apparently, Dr. Ludwig's letter was not included in the Bates-stamped documents provided by the Government on August 17, 2010.

The Government states in its Supplementary Motion that it can be inferred that Plaintiff's counsel had not reviewed the Bates-stamped documents to ensure that Dr. Ludwig's letter was included.

In the Supplementary Motion, the Government requested that Dr. Ludwig's letter be stricken from the record and that the Court block Dr. Ludwig from testifying as an expert.

On March 14, 2011, the Plaintiff filed his Response to Motion in Limine [d/e 27]. In the Response, the Plaintiff stated that Attorney Beeman's cover letter and Dr. Ludwig's letter had been sent to the U.S. Army, and attached the sworn affidavit of Lorrie Floor to support this claim.[3] The Plaintiff argued that sending Dr. Ludwig's letter to the Army satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2) and Federal Rule of Evidence 702. The Plaintiff alternatively argued that the disclosure requirements were satisfied when Dr. Ludwig was identified as a treating physician.

---

[3] Ms. Floor stated in her affidavit that she typed the cover letter on November 11, 2009, that Attorney Beeman signed it, and that Attorney Beeman's letter and Dr. Ludwig's letter were mailed to the Army on November 11, 2009. *See* Affidavit of Lorrie Floor [d/e 27-3].

The Plaintiff attached to its Response copies of the letters from Attorney Beeman and Dr. Ludwig.

The Government filed its Supplemental Authority in Support of Defendant's Motion in Limine [d/e 29] on March 29, 2011. The Government brought to the Court's attention a recent decision of the U.S. Court of Appeals for the Seventh Circuit—*Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729 (7th Cir. 2010). In its filing, the Government included language from *Meyers* indicating that a treating physician who would testify as to causation, but did not form that opinion in the course of treatment, would have to comply with the strictures of Rule 26(a)(2)(B).

The Plaintiff filed its Response to Supplemental Authority in Support of Defendant's Motion in Limine [d/e 33] on April 12, 2011. The Plaintiff argued that *Meyers* does not apply because Dr. Ludwig formulated his causation opinion in the course of treatment. In the alternative, the Plaintiff argued that even if Dr. Ludwig was not timely disclosed as an expert, he should be allowed to testify regarding causation

because the Government has not been sufficiently prejudiced by the failure to file a timely report.

## II. DR. LUDWIG'S LETTER

Dr. Ludwig's letter is dated November 2, 2009, and is addressed to Attorney Beeman. Dr. Ludwig states: "This letter is in response to your request for information concerning Nathan Allison." Ludwig Letter [d/e 27-2], page 1.

Dr. Ludwig first recapitulates his initial intake interview with the Plaintiff of December 6, 2007, in which the Plaintiff described three incidents involving his left shoulder which could have given rise to the injury. *See id.*

He then recounts the X-rays and MRIs that were performed, his final determination of which body parts were injured, and what type of surgery was required. *See id.*

Next, Dr. Ludwig details the surgery which was performed on December 26, 2007, and the Plaintiff's subsequent physical therapy. *See id.* at pages 1-2.

8

Dr. Ludwig then relates the following: "I last saw him on July 10, 2008, and at that time he was doing very well . . . Based on his last visit, I do not expect or anticipate that he will require any future treatment or surgery on the left shoulder." *Id.* at 2.

Dr. Ludwig finally states the following regarding causation, which appears to be in direct response to a question posed by Attorney Beeman:

> The question [as] to whether the wrestling accident of October 17, 2007, was the [proximate] cause of the injury is a harder one to answer. I do think that at the time of that activity the patient probably did sustain some injury to the anterior labrum and capsule of the left shoulder. The third episode as described to me where he was slammed into the wall is a definite additive contribution as well. So I think both taken together probably is what lead to the need for his evaluation and subsequent surgical treatment.

*Id.* at 2.

## III. ANALYSIS

A. Rule 26(a)(2)(B) Compliance

The U.S. Court of Appeals for the Seventh Circuit has held that the report requirements of Rule 26(a)(2)(B) apply to a treating physician who did not determine causation during treatment:

> But we have not until now had the occasion to determine whether a treating physician who provides an expert opinion as to causation is required to file a formal report under Rule 26(a)(2)(B) when the subject of such opinion was not determined at the time of treatment. We resolve this outstanding issue today by concluding that a treating

physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment*, should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).

*Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010) (emphasis added). The Government contends that, under *Meyers*, Dr. Ludwig would be subject to Rule 26(a)(2)(B).

The Plaintiff has responded to this argument as follows:

Meyers v Amtrak, 619 F.3d 729 [2010] would only be applicable if Dr. Ludwig did not make his determination regarding causation in the course of providing treatment. In this case, that is exactly how his opinion was created. He has not been asked to look at any authoritative literature or the records of any other treating or examining physician. *His opinions are based solely on the information he gathered during his treatment of Plaintiff.*

Pl.'s Resp. to Supp. Auth. in Support of Dft.'s Mot. in Limine [d/e 33], page 1 (emphasis added).

While Dr. Ludwig's opinion regarding causation may be based upon *information he gathered* during treatment, that is not the standard under *Meyers*. The standard is whether *he formed his opinion regarding causation* during the course of treatment.

From Dr. Ludwig's letter, it appears that his causation opinion was formed after treatment was rendered. Dr. Ludwig's treatment of the

Plaintiff ended after the Plaintiff's last visit during July of 2008. Dr. Ludwig stated that he did not anticipate that the Plaintiff would require any future treatment or surgery on the left shoulder.

Dr. Ludwig did not mention forming an opinion regarding causation when discussing his diagnostic process. In the narrative, Dr. Ludwig used the past tense to describe his diagnosis, but switched to the present tense when providing his opinion regarding causation.

From the documents before the Court, it appears that Dr. Ludwig did not form his opinion regarding causation during the course of treatment, but rather formed it after treatment had concluded, probably at the request of counsel. *See Banister v. Burton*, — F.3d —, 2011 WL 547487, at *5 (7th Cir. 2011) (formulation of causation opinion by treating physician at the request of a party suggests that, under *Meyers*, the physician would need to disclose an expert report).

The Plaintiff contends that "[a]s Dr. Ludwig has not been retained or specially employed to provide expert testimony and is not Plaintiff's employee, no written report is required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)." Pl.'s Resp. to Mot. in Limine [d/e 27], page 2;

*see also* Pl.'s Resp. to Supp. Auth. in Support of Dft.'s Mot. in Limine [d/e 33], pages 1-2.

These particulars do not matter, because if a witness meets the criteria set out in *Meyers*, they are "*deemed* to be 'retained or specially employed to provide expert testimony in the case.'" *Meyers*, 619 F.3d at 735 (emphasis added); *see also Black's Law Dictionary* 477-78 (9th ed. 2009) (defining "deem" as "[t]o treat (something) as if (1) it were really something else, or (2) it has qualities that it does not have").

Therefore, pursuant to *Meyers*, the Court deems Dr. Ludwig to be a witness specially employed to provide expert testimony in this case, and therefore subject to the reporting requirements of Rule 26(a)(2)(B).

B. Prejudice

The Plaintiff argues that even if there was a failure to timely file a report, the error was harmless because the Government has not been prejudiced.

The Court must consider the following factors in determining whether the failure to file the report should result in barring the expert testimony:

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*Banister*, 2011 WL 547487, at *5-*6.

The Court concludes that any prejudice or surprise suffered by the Government can be easily cured. The Court notes that this matter is set for bench trial on October 25, 2011, and the likelihood of disruption to the trial appears to be minimal. Finally, there is no showing of bad faith or willful nondisclosure in this case.[4]

Accordingly, the Court concludes that the Plaintiff's failure to file an expert report pursuant to Rule 26(a)(2)(B) was harmless.

## IV. CONCLUSION

*Ergo*, the Defendant's Motion in Limine [d/e 25] is ALLOWED IN PART and DENIED IN PART, and the Defendant's Supplement to Defendant's Motion in Limine [d/e 26] DENIED.

---

[4] The Court notes that some of the Plaintiff's arguments regarding nondisclosure are consistent with previous decisions of this Court. *See, e.g., McCloughan v. City of Springfield*, 208 F.R.D. 236 (C.D. Ill. 2002) (Mills, J.). Although some of the decisions of this Court cited by the Plaintiff have been superseded by *Meyers*, the opinion in *Meyers* was released just over four months before the disclosure deadline in this case. *Meyers* was not raised by either party until after the Motion in Limine was fully briefed.

Dr. Leo Ludwig is deemed by the Court to be an expert witness subject to the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), with respect to any testimony regarding causation.

The Court finds that the Plaintiff failed to timely disclose the expert witness report required by Rule 26(a)(2)(B). However, the Court finds that failure to disclose the report was harmless. Therefore, Dr. Ludwig will be allowed to testify as to causation.

IT IS SO ORDERED.

ENTER: April 28, 2011

FOR THE COURT:           */s/ Richard Mills*
                                          Richard Mills
                                  United States District Judge